# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **TAMMY EMERSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:22-CV-00095** |
| | ) | |
| **v.** | ) | **JUDGE ELI J. RICHARDSON** |
| | ) | |
| **WYNDHAM VACATION RESORTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

Before the Court is the Motion to Compel Arbitration ("Motion") filed by Defendant Wyndham Vacation Resorts ("Defendant"). (Dkt. Entry No. 9). In her Response to Defendant's Motion, Plaintiff Tammy Emerson averred that she was "without a sufficient legal basis to oppose Defendant's Motion to Compel Arbitration pursuant to Section 34 of the Retail Installment Contract Purchase and Security Agreement." (Dkt. Entry No. 12). Based on the filings, applicable law, and relevant authorities, the Court makes the following findings of fact and conclusions of law:

1. This dispute arises out of Plaintiff's July 4, 2020 purchase of a vacation ownership interest from WVR. In connection with this purchase, Plaintiff and WVR entered into a Retail Installment Contract Purchase and Security Agreement (the "Agreement"). A true and exact copy of the Agreement is attached to the Motion as Exhibit A.

2. Plaintiff Tammy Emerson ("Plaintiff") filed her lawsuit against WVR on February 14, 2022, asserting claims for fraud and misrepresentation and violations of the Tennessee Timeshare Act. (*See generally*, Complaint, Dkt. Entry No. 1).

1

3.	The Agreement contains a valid and enforceable arbitration provision, located on pages 7 and 8 of the Agreement under a conspicuous "DISPUTE RESOLUTION/ARBITRATION" heading. *See* Agreement, <u>Exhibit A</u>, at 7. This provision provides, in pertinent part:

> **34. Dispute Resolution/Arbitration.** Any Disputes between the Parties shall be resolved as follows:
>
> (a) **Definition of Disputes.** The Parties agree that any dispute, claim, suit, demand or controversy arising out of or relating to this Agreement (any **"Dispute"**) shall be determined exclusively and finally by individual arbitration, except as specified below. "Dispute" includes, without limitation, any claim regarding any breach, termination, enforcement, interpretation or validity of this Agreement, any claim arising out of or related to the marketing, purchase, and/or use of Owner's Ownership, Owner's use of Seller's properties, and/or Owner's participation in any activities/events sponsored, organized, or made available by Seller or any of its affiliates.

4.	The Agreement is governed by the Federal Arbitration Act ("FAA"), and the Court will therefore apply the FAA in determining whether it should compel arbitration. *Id*. at 8.

5.	The FAA allows parties to a contract implicating interstate commerce to agree that certain disputes between them arising from such "contract or transaction" will be decided by an arbitrator rather than by a court. *See* 9 U.S.C. § 2. There is a liberal federal policy favoring arbitration. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The purpose of the FAA is to ensure the enforcement of private arbitration agreements according to their terms; the broader purpose is to facilitate "efficient, streamlined procedures tailored to the type of dispute" at issue. *Id*. at 334.

6.	Under the FAA, if a party establishes the existence of a valid agreement to arbitrate, the district court must grant the party's motion to compel arbitration and stay or dismiss proceedings until the completion of arbitration. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005). A federal trial court considering whether to enforce an arbitration agreement must evaluate these four factors: (1) whether the parties agreed to arbitrate, (2) the scope of the arbitration agreement, (3) whether Congress intended the claims raised to be nonarbitrable, and

2

4

(4) if some claims are nonarbitrable, whether to stay the remainder of the proceedings pending arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

7.      Because arbitration agreements are fundamentally contracts, arbitration agreements are evaluated according to the applicable state law of contract formation. *Rubio v. Carreca Enterprises, Inc.*, 490 F. Supp. 3d 1277, 1283 (M.D. Tenn. 2020). Accordingly, the Court will apply Tennessee law governing contract formation to determine whether the parties agreed to arbitrate.

8.      Tennessee law requires both substantive and procedural unconscionability to void a contract. *Mitchell v. Kindred Healthcare Operating, Inc.*, 349 S.W.3d 492, 499 (Tenn. Ct. App. 2008). However, Tennessee courts generally combine their analysis of each type and will find unconscionability when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on one hand, and no honest and fair person would accept them on the other. *Id.*

9.      When deciding whether a contract is unconscionable, a court considers the contract's "setting, purpose, and effect" and analyzes factors such as weakness in the contract process like contractual capacity, fraud, and other invalidating causes. *See Taylor v. Butler*, 142 S.W.3d 277, 285 (Tenn. 2004). Tennessee courts have also considered myriad other factors, including: whether the arbitration agreement is hidden in another document; whether the plaintiff is waiving a right to jury trial; whether anything suggests that the plaintiff was not provided with an opportunity to question the terms of the agreement; whether the plaintiff was aware of other service providers; whether the agreement offers notice to the procedure and effect of arbitration; whether the plaintiff was required to sign the agreement in an expedient manner; whether the agreement was offered on a take-it-or-leave-it basis; whether there was comparatively unequal

3

bargaining power due to plaintiff's relative lack of knowledge of the industry; whether the arbitration agreement provided for a method of revocation; whether arbitration agreements are particularly common in the industry; and whether the agreement requires both sides to submit claims to arbitration. *Wofford v. M.J. Edward & Sons Funeral Home, Inc.*, 490 S.W.3d 800, 822-24 (Tenn. Ct. App. 2015).

10.     Here, the Court first finds that the Agreement contains a valid delegation clause in the arbitration provision, found in Section 33 of the Agreement, which requires any and all claims involving the "interpretation or validity" of the Agreement to be resolved by an arbitrator. *See* Agreement, Section 33, at 7.  Therefore, the Court finds that the parties agreed that any threshold questions regarding the arbitrability of Plaintiff's claims should be resolved by an arbitrator. *Taylor*, 142 S.W.3d at 282-83.

11.     Absent a challenge to the delegation clause, this Court must treat the parties' Agreement and attendant arbitration provision as valid and enforceable. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010).  Even if such a challenge had been raised by Plaintiff here, the Court is satisfied that the Agreement is valid and enforceable, after considering the unconscionability factors set forth above.  First, the Court finds that the arbitration provision is featured prominently in the Agreement, with specific language in bold and capital lettering. *See* Agreement, Section H, at 7; *Buraczynski v. Eyring*, 919 S.W.2d 314, 321 (Tenn. 1996).

12.     Second, the Court finds that the arbitration provision in the Agreement provides significant information about the arbitration process, including specific references to the American Arbitration Association ("AAA") Rules and a general explanation of the arbitration process. *See* Agreement, Section 33, at 7; *Buraczynski*, 919 S.W.2d at 321.

4

13.     Third, the Court finds that the Plaintiff separately initialed the arbitration provision within the Agreement.  *See* Agreement, Section 37, at 8; *Philpot v. Tennessee Health Management, Inc.*, 279 S.W.3d 573, 581 (Tenn. Ct. App. 2007) (finding arbitration provision was not unconscionable based in part on the distinctive formatting of the acknowledgement and signature block).

14.     Fourth, the Court finds that any "carve outs" or non-mutual remedies within the arbitration provision are valid and binding under Tennessee law and do not make the Agreement itself unconscionable.  *See Berent v. CMH Homes, Inc.*, 466 S.W.3d 740, 754-55 (Tenn. 2015). Specifically, the provision that allows WVR to seek emergency injunctive relief if Plaintiff was "presenting a risk or threat to the safety, security or reputation of any resort, guests, reservation system, data system, or other feature or location connected with [WVR]" qualifies under the business justification exception under Tennessee law. *Id.*; *see* Agreement, Section 33, at 7. Moreover, the provision allowing Plaintiff alone to file claims in a small claims court in Florida is not unconscionable or oppressive to Plaintiff.  *Berent*, 466 S.W.3d at 757-58; *see also* Agreement, Section 33, at 7.  Finally, the provision allowing WVR to pursue a judicial foreclosure in the event of a default by Plaintiff also qualifies as an acceptable business justification under Tennessee law. *Berent*, 466 S.W.3d at 757-58; *see also* Agreement, Section 33, at 7.

15.     Fifth, Plaintiff has not contended, and the Court therefore finds, that Plaintiff did not lack meaningful choice or understanding with respect to the arbitration provision in the Agreement. *Pyburn v. Bill Heard Chevrolet*, 63 S.W.3d 351, 359 (Tenn. Ct. App. 2001).

16.     The Court therefore concludes that: (1) the Agreement was a valid and enforceable contract between Plaintiff and WVR; and (2) the parties' Agreement contains a valid and enforceable arbitration clause and delegation clause, which requires this Court to compel this

5

matter to arbitration under the FAA and Tennessee law.  Having made such findings based on the parties' filings, the applicable law, and relevant authorities, the Court finds good cause to **GRANT** WVR's Motion to Compel Arbitration.

It is therefore **ORDERED, ADJUDGED AND DECREED** that the Motion to Compel Arbitration filed by Defendant Wyndham Vacation Resorts, Inc., is hereby **GRANTED** and this matter is compelled to arbitration before the American Arbitration Association.  Any and all further proceedings in this matter are hereby **STAYED** pending further order of this Court.

**IT IS SO ORDERED.**

_Eli Richardson_

Eli Richardson
United States District Judge